HOUSING INVESTMENT CORPORATION, Plaintiff and Appellee, *v.* DAVID SOSA LÓPEZ and MILAGROS TORRES, Defendants and Appellants.

No. R-69-180.      Decided January 7, 1970.

*Guillermo Bauzá, M. Bauzá Rolón,* and *Otto Bauzá* for appellants. *William J. Riefkohl, J. M. Calderón García, J. M. Calderón Cerecedo, Cristóbal Colón,* and *Francisco Alonso Rivera* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

We are concerned herein with the availability of a summary judgment in a case of foreclosure of a mortgage through ordinary proceedings on the ground that appellants failed to pay the monthly instalments which were due from March 1, 1968, on. The complaint was filed on April 15, 1968. The corresponding mortgage note provides that the principal and interest are payable "in monthly instalments of ONE HUNDRED TWENTY-THREE DOLLARS ($123), commencing on the first day of November 1967, and on the first day of each month thereafter. . . ." Further on it provides that "If default be made in the payment of any instalment under this note, and if such default is not made good prior to the date of the next such instalment, the entire principal sum . . . shall . . . become due and payable . . . at the opinion [*sic*] of the holder of this note."

In their answer, appellants denied such default and alleged, to the contrary, that the payment was offered and that appellee refused to receive it. In answer to a request to the effect "that they were bound to pay the monthly instalment of March 1968, on March 1, 1968," appellants admitted:

(1) The agreement as to the manner and maturity of the payment of the monthly instalments contained in the mortgage note.

(2) "It is not admitted that the monthly instalment for the month of March 1968 was not paid, since a check was sent to cover the monthly payment corresponding to March 1968; the Banco de San Juan returned it to plaintiff; plaintiff did not inform defendants that the Banco de San Juan had returned the check. When the month of April 1968 was paid, plaintiff returned the check for said monthly instalment and the check for March 1968, and it was then that defendants found out that the payment corresponding to the month of March 1968 had not been admitted. When in the month of April 1968 defendants had knowledge of the situation herein sketched, defendants talked with one of plaintiff's employees, who agreed to have the sum of $291.62 sent to him, by certified check, to cover the months corresponding to March and April 1968, with penalty, since the instalment to be paid is $143.00 [sic]. Plaintiff retained the checks for March and April until after April 15, 1968, when they were returned to defendants, and the latter received a copy of the complaint on May 3, 1968. On account of the foregoing, defendants do not admit that the monthly instalment corresponding to the month of March was not paid, since it was, although administratively, without judicial deposit."

Appellee requested the court to render summary judgment on the ground that the default had been admitted by appellants. In the sworn statement which is attached to said petition, the allegation of default contained in the complaint is reproduced. In their opposition to the summary judgment requested, appellants point out that in their answer they alleged that payment was offered to appellee and that the latter refused to receive the same; that at all times defendants have been willing to pay and to comply with their contractual obligation in the legitimate interest of retaining their homestead. In the sworn statement of July 30, 1968, signed by appellant Milagros Torres, which is attached to said opposition, it is said that "we have always been willing to pay the mortgage contracted with plaintiff, and that when we went to pay the monthly instalment corresponding to March, plaintiff did not want to receive the instalment; and

thus thereafter, they have refused to do so through their agents and employees . . . we have taken multiple steps so that plaintiff receives the instalments agreed upon with the latter, but it has refused in an obstinate and mala fide manner to receive the same, defendants being willing at all times to pay and comply with their obligation. . . ."

On separate motion filed on July 31, 1968, appellants deposited with the court the total sum of $863.30 to cover the monthly payments corresponding to the months of March until August 1968, inclusive, which "sum has always been at the disposal of appellee at all times." Since then the monthly instalments, agreed to at a rate of $143 [*sic*] each, have been deposited with the trial court.

The trial court rendered summary judgment ordering the payment by appellants of the total of the unpaid principal of the mortgage note, plus interest, costs, and attorney's fees stipulated in the same, or in default thereof, it decreed the sale at public auction of the real property mortgaged.

Appellants allege that the trial court erred in rendering said summary judgment, since it appears from the record that a legitimate controversy exists. We agree.

Rule 36 of the Rules of Civil Procedure provides, in synthesis, that summary judgment may be rendered in a cause "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, *show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.*" (Italics ours.)

The party moving for summary judgment in a suit has the burden of showing that there is no genuine issue as to the facts to be tried. *Valcourt Questell* v. *Superior Court*, 89 P.R.R. 809 (1964). See, also, *A.C.P., Inc.* v. *T.C.P., Inc.*, 96 P.R.R. 258 (1968); *Freyre Mestre* v. *Otero Jiménez*, 93 P.R.R. 709 (1966); *Widow of Viera* v. *Superior Court*, 93 P.R.R. 490 (1966); *C. Brewer P.R., Inc.* v. *F. Vega Otero*,

*Inc.*, 92 P.R.R. 429 (1965); *Díaz Carrión* v. *Eastern Sugar Associates*, 90 P.R.R. 170 (1964); *García López* v. *Méndez García*, 88 P.R.R. 352 (1963); *Roth* v. *Lugo*, 87 P.R.R. 365 (1963); *Mercado* v. *Mercado*, 87 P.R.R. 537 (1963); *Pan American* v. *Superior Court*, 86 P.R.R. 132 (1962); *Cortés* v. *Heirs of Cortés*, 83 P.R.R. 660 (1961).

In the case at bar, in appellee's motion requesting summary judgment as well as in the sworn statement attached thereto, the allegation of the complaint that appellants have failed to pay "the monthly instalments due since March 1, until today," is merely repeated. Appellants denied this fact in their answer to the motion for summary judgment and in their sworn statement they reaffirmed that they tried to pay the monthly instalment of March, and that appellee refused to receive it.

From the request of admissions it is inferred that the default consisted in not paying the monthly instalment for March 1968, on the first day of said month. The answer to said request explains that it was paid during said month, that the Banco de San Juan returned the check to appellee and that the latter never informed appellants of such fact. Moreover, it adds that one of appellee's agents admitted, in April 1968, the payments for the months of March and April 1968, but that later during said month appellee returned same to appellants.

Pursuant to the terms of the mortgage note in question, the monthly instalment for March 1968 had to be paid on the first day of said month, but the same could be paid on any day of that month and before April 1, 1968 without appellants being subject to the payment of the entire sum of the principal of the mortgage note. Note that the clause accelerating maturity contained in said obligation provides that "if default be made in the payment of any instalment under this note, and if such default is not made good prior to

the date of the next such instalment, the entire principal sum and accrued interest shall ... become due ...."

■ It is apparent from the foregoing that controversy exists over the following facts:

1.—Whether the monthly instalment of March 1968 was in effect paid during said month.

2.—Whether the acceptance by appellee's agent in April 1968, of the monthly instalments for March and April 1968, constituted a waiver by appellee of any default incurred by appellants existing until then.[1]

The trial court should have considered in this case whether when the Banco de San Juan returned appellants' check to appellee in March, the latter was bound (1) to present it again for payment the last day of said month of March in view of the provisions of the mortgage note on the accelerated maturity of the debt, and (2) to notify appellants immediately of the return of the check so that the latter could cure any defect therein, or substitute it by any other manner of payment before the end of March, and thus comply timely with the obligation imposed on them by the mortgage note in question.

---

[1] It calls to our attention that an enterprise, whose business is to invest funds in home loans and not to acquire the latter, chose to foreclose the home of a family, possibly taking advantage of a delay incurred by oversight, distraction, or forgetfulness of some spouses who had acquired it some months before. It does not appear from the record that any default had been incurred prior to the payment of the monthly instalment of March 1968.

It would seem a more reasonable attitude that in cases like these, the delayed payment be admitted with a reasonable penalty for the delay, consisting of interest at the rate agreed upon on the unpaid principal of the obligation during the term of the delay, and without any more charges for administrative or legal expenses which in such cases are not obviously incurred. If it is a general practice in the community to foreclose mortgage credits, as it has been done in this case, the Legislature could explore the possibility of providing some remedies, or restriction, or regulation, to said practice. See Arts. 370 and 371 of the Proposed Mortgage Code for Puerto Rico, drafted by the Commission for Mortgage Reform.

■ On the foregoing grounds, the judgment rendered in this case by the Superior Court, San Juan Part, on December 13, 1968, will be reversed and the case remanded for further proceedings.

Mr. Chief Justice did not participate herein.